Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JONATHAN RIVERA CRESPO; IRMARELIS ORTIZ VÁQUEZ<br><br>EX PARTE<br><br>**IRMARELIS ORTIZ VÁZQUEZ**<br><br>Peticionaria | TA2025CE00750 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E DI2018-0162<br><br>Sobre:<br>Divorcio Consentimiento Mutuo |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

Comparece Irmarelis Ortiz Vázquez (en adelante, peticionaria) mediante una petición de *Certiorari* para solicitarnos la revisión de la *Resolución* emitida el 8 de octubre de 2025 y notificada el 10 de octubre de 2025.[1] Mediante el dictamen objeto de revisión, el Tribunal de Primera Instancia, Sala Superior de Caguas, declaró *No Ha Lugar* una solicitud de recusación interpuesta contra la Hon. María del Pilar González Moreno, jueza que preside los procedimientos en el caso de marras.

Conviene mencionar que esta es la *segunda* ocasión que este Panel tiene ante su consideración un recurso apelativo en el caso del título.[2] Dicho lo anterior y en lo que respecta al recurso ante nos,

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Apéndice 2.

[2] En la primera ocasión tuvimos ante nuestra consideración el alfanumérico KLAN202500527. Con relación a este recurso, mediante *Sentencia* emitida el 23 de junio de 2025, expedimos el auto de certiorari solicitado y revocamos la *Resolución* en reconsideración emitida el 7 de mayo de 2025, notificada el 12, del mismo mes y año. En nuestra *Sentencia*, reestablecimos lo dispuesto en la *Orden* emitida el 5 de mayo de 2025, notificada el 7, del mismo mes y año, mediante la cual se ordenó la revisión de pensión alimentaria y se refirió el caso al Examinador de Pensiones Alimentarias. A tenor, devolvimos el caso al foro de instancia para que celebrara la vista de pensión alimentaria programada y como parte de esta,

conforme se desprende de los autos ante nuestra consideración, el 23 de septiembre de 2025, la peticionaria instó una *Moción urgente solicitando inhibición de la Hon. María del Pilar González Moreno y reasignación del caso; y solicitando suspensión de señalamientos mientras se resuelve la solicitud.*[3] El asunto fue referido a la atención de la Hon. Luz Idalia Cruz Rodríguez.

De ahí, en lo atinente, el 8 de octubre de 2025, notificada el 10 de octubre de 2025, el foro *a quo* emitió la determinación objeto de revisión.[4] Mediante esta determinación, la primera instancia judicial denegó la solicitud de reconsideración interpuesta por la peticionaria. El foro recurrido concluyó, en síntesis, que de la solicitud incoada no se desprendían razones válidas por las cuales debía quedar inhabilitada de presidir los procedimientos en este caso.

Insatisfecha con lo resuelto, el 10 de noviembre de 2025, la peticionaria compareció ante nos mediante una petición de *certiorari*. En esa misma fecha, presentó, además, una *Moción en auxilio de jurisdic*ción.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[5] este Tribunal tiene "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...]". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Luego de haber evaluado la totalidad de los autos ante nuestra consideración, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro

---

evaluara la voluntariedad y el alcance de un alegado acuerdo verbal entre las partes que databa del año 2024.

[3] SUMAC TA, Apéndice 4.

[4] *Íd.*, Apéndice 2.

[5] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Es por lo anterior, que no atisbamos razón para intervenir con la determinación recurrida. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil,[6] y la Regla 40 del Reglamento de este Tribunal,[7] acordamos denegar la expedición del auto de *Certiorari* y, en consecuencia, la solicitud en auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] 32 LPRA Ap. V, R. 52.1.
[7] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60.